IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOE EDWARD PERRY, JR.                                                                    PLAINTIFF

v.                          Civil No. 1:13-cv-01093

OUACHITA COUNTY DETENTION
CENTER; TERI WEST; and
DAVID NORWOOD                                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff Joe Perry pursuant to 42 U.S.C. § 1983. According to Plaintiff's address of record he is currently incarcerated in the Arkansas Department of Correction Tucker Unit in Tucker, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter. After careful consideration, I make the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff originally filed this case *pro se* on December 4, 2013. ECF No. 1. In his Complaint, Plaintiff claims his constitutional rights were violated when he was denied medical care for a toe injury. ECF No. 1. Plaintiff was housed in the Union County Detention Center ("UCDC") when he filed this Complaint.

On December 4, 2013, I issued an order directing Plaintiff to complete an *in forma pauperis* ("IFP") Application and return it to the Court by January 3, 2014. ECF No. 3. On December 9, 2013, I issued an Order directing Plaintiff to complete a Court prepared Addendum to his Complaint and return it to the Court by January 6, 2014. ECF No. 5. Both of these Orders were mailed to Plaintiff at the UCDC and returned as undeliverable mail. The Court, upon its own research, determined Plaintiff was transferred to the Arkansas Department of Correction ("ADC"). On December 31, 2013, the Court changed Plaintiff's address of record to the ADC and resent both Orders. This mail was not returned as undeliverable. Plaintiff failed to respond with a completed IFP Application or the completed Addendum.

On April 2, 2014, I issued an Order to Show Cause directing Plaintiff to respond with a completed IFP Application and Addendum by April 21, 2014. ECF No. 7. This Order was sent to Plaintiff's address of record at the ADC and it was not returned as undeliverable mail.

Plaintiff has not communicated with the Court in any way since initially filing his Complaint on December 4, 2013.

**2.   APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely."  *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3. **DISCUSSION**

Plaintiff has failed to comply with the Court's December 4, 2013 and December 9, 2013 Orders, and the April 2, 2014 Order to Show Cause.  Further, Plaintiff has completely failed to prosecute this matter as he has not communicated with the Court since initially filing his Complaint in December 2013.  Accordingly, pursuant to Local Rule 5.5 and Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**4.   CONCLUSION**

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Federal Rules of Civil Procedure and Local Rules and failed to prosecute this matter. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 4th day of June 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE